**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| WILLIAM DALE ALLEN, #178666, ) | C/A No. 4:07-797 DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LISA CARRINGTON, in her official capacity as ) | |
| Grievance Coordinator at Lieber Correctional ) | |
| Institution; VERA JENKINS, in her official ) | |
| capacity as Grievance Coordinator at Lieber ) | |
| Correctional Institution; STAN BURTT, in his ) | |
| official capacity as Warden at Lieber Correctional ) | |
| Institution; and JON OZMINT, Director of South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The above referenced case is before this court upon the magistrate judge's recommen-

dation that the defendants' first motion for summary judgment be granted, defendants' second

motion for summary judgment be deemed moot, and the case be dismissed in its entirety.

This court is charged with conducting a de novo review of any portion of the magis-

trate judge's report to which a specific  objection is registered, and may accept, reject, or

modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. §

636(b)(1).  However, absent prompt objection by a dissatisfied party, it appears that Congress

did not intend for the district court to review the factual and legal conclusions of the magis-

trate judge.  Thomas v Arn, 474 U.S. 140 (1985).  Additionally, any party who fails to file

timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1)

waives the right to raise those objections at the appellate court level.  United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  **No objections**

**have been filed to the magistrate judge's report and recommendation**.

A de novo review of the record indicates that the magistrate judge's report accurately

summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and

recommendation is **AFFIRMED**, defendants' first motion for summary judgment (doc. #46) is

**GRANTED**, defendants' second motion for summary judgment (doc. #60) is **MOOT**, and this

case is **DISMISSED** in its entirety.

**AND IT IS SO ORDERED**.

 

 

David C. Norton
Chief United States District Judge

Charleston, South Carolina
August 28, 2009

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any  right to appeal this Order is governed by Rules
3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant
must receive fair notification of the consequences of failure to object to a magistrate judge's
report before such a procedural default will result in waiver of the right to appeal.  The notice
must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him
of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had
to be filed within ten (10) days, and he received notice of the consequences at the appellate
level of his failure to object to the magistrate judge's report.